UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| GARY A. WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>CMRE FINANCIAL SERVICES,<br><br>    Defendant. | Case No. 6:21-cv-00027 |

**NOW COMES** GARY A. WALKER, by and through his undersigned counsel, complaining of Defendant CMRE FINANCIAL SERVICES, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. GARY A. WALKER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Tyler, Texas.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

9. CMRE FINANCIAL SERVICES ("Defendant") maintains its principal place of business at 3075 East Imperial Highway, #200, Brea, California 92821.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

11. Defendant is a "person" as defined by 47 U.S.C. §153(39).

12. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) because it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of a cellular telephone with an assigned number ending in 4838.

14. At all times relevant, Plaintiff's number ending in 4838 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff is and has always been financially responsible for his cellular phone and its services.

16. At some point, Plaintiff incurred a medical debt with UT Health Tyler.

17. Unfortunately, due to unforeseen financial difficulty, Plaintiff was unable to pay for the medical debt ("subject debt").

18. In or around January 2020, Plaintiff started to receive unwanted phone calls from Defendant.

19. On or around January 2020, Plaintiff spoke with one of Defendant's representatives.

20. During this phone call, Plaintiff requested validation of his debt and requested that Defendant mail him proof of the debt.

21. Also during this phone call, Plaintiff requested that the phone calls cease.

22. At no point did Plaintiff receive any written communication from Defendant regarding the subject debt, its verification, or proof of the subject debt.

23. Undeterred, Defendant has continued placing unwanted and unconsented to phone calls to Plaintiff's cellular phone.

24. Plaintiff answered at least 10 more phone calls from Defendant and again requested that the calls cease, the most recent revocation taking place on January 6, 2021.

25. On numerous occasions, including but not limited to, - December 16, 2020 and December 22, 2020 -  Defendant left a pre-recorded voicemail message, stating:

> Hello, this is an important message for Gary A. Walker regarding a personal business matter. This is CMRE Financial Services. If you are Gary A. Walker, please continue to listen to this message. If you are not, please discontinue listening to this message or disconnect now. By continuing to listen to this message, you verify that you are Gary A. Walker. We are calling on behalf of UT Health Tyler. Please contact us at your earliest convenience at (888) 760-1382 and reference account number . . .3395. You may also visit us 24 hours a day at www.cmrefsi.com"

26. In or around October 2020, Plaintiff sent Defendant a letter requesting that it cease and desist all contact with him, but to no avail.

27. In total, Defendant placed dozens upon dozens of unwanted and unconsented to phone calls to Plaintiff's cellular phone numbers ending in 4838.

28. On most days, Plaintiff received at least 2 phone calls from Defendant, who placed calls from numbers including, but not limited to (903) 200-3716.

29. The frequency of Defendant's calls to Plaintiff's cellular phone severely disrupted Plaintiff's everyday life and general well-being.

30. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiff's time; the increased risk of personal injury resulting from the distraction caused by the phone calls; decreased daily productivity; aggravation that accompanies unsolicited telephone calls; emotional distress; mental anguish; anxiety; loss of concentration; diminished value and functionality of his cellular phone; the loss of battery charge; and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

31. As a result of Defendant's actions, Plaintiff has been forced to expend time and energy to retain counsel, and has incurred attorney's fees and costs.

32. Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Texas Debt Collection Act (47 U.S.C. §227)

33. All previous paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

34. Defendant placed or caused to be placed dozens of non-emergency calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

35. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon Plaintiff answering the call or upon the call reaching Plaintiff's voicemail.

36. Defendant did not have consent to place calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

37. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

38. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff.

39. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff, requests the following relief:

A. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

B. an order enjoining Defendant from placing further violating calls to Plaintiff;

C. an award of $500.00 in damages to Plaintiff for each such violation;

D. an award of treble damages up to $1,500.00 to Plaintiff for each such violation; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
**Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)**

40. All previous paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

### a. Violations of FDCPA § 1692c

41. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

42. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

5

43. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

44. Defendant violated § 1692c(a)(1) by placing dozens of collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

45. In other words, since Plaintiff did not want any calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

### b. Violations of FDCPA § 1692d

46. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

47. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

48. Defendant violated §§ 1692d and d(5) by placing dozens of collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to cease the unwanted calls.

49. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

50. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant he no longer wished to be contacted on his cellular telephone.

51.     The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b.  Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c.  Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III:

**Violations of the Texas Debt Collection Act (Tex. Fin Code Ann. § 392 *et seq*.)**

52.     All previous paragraphs of this Complaint are expressly adopted and incorporated as though fully set forth herein.

53.     Section 392.302(4) of the Texas Finance Code prohibits a debt collector from causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number. Tex. Fin. Code Ann. § 392.302(4).

54.     Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff despite Plaintiff's requests that the collection calls cease.

55.     Defendant's collection calls were made with the intent to harass Plaintiff and to pressure Plaintiff into making payment on the subject debt.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. Finding that Defendant violated Tex. Fin. Code Ann. §§ 392.302(4);

b. Enjoining Defendant from further contact with Plaintiff pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

e. Awarding any other relief as this Honorable Court deems just and appropriate

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: January 18, 2021                           Respectfully submitted,

**GARY A. WALKER**

By: /s/ *Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com